

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-22-2007

# Williams v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2030

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Williams v. USA" (2007). *2007 Decisions*. Paper 553.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/553

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-310                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2030
_____

ANTHONY WILLIAMS,

Appellant

v.

UNITED STATES OF AMERICA;
BUREAU OF PRISONS;
US ATTORNEY GENERAL
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 07-cv-00143)
District Judge:  Honorable James M. Munley
_____

Submitted For Possible Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P 10.6
or a Certificate of Appealability Under 28 U.S.C. § 2253
July 19, 2007

Before: RENDELL, SMITH and JORDAN, <u>CIRCUIT JUDGES</u>.

(Filed:   August 22, 2007)
_____

OPINION
_____

PER CURIAM

    Anthony Williams appeals from the dismissal of his petition for writ of habeas

corpus by the United States District Court for the Middle District of Pennsylvania.  We

will vacate in part the District Court's February 28, 2007 order and remand with instructions to consider Williams' claim challenging the execution of his sentence under 28 U.S.C. § 2241.

On January 25, 2007, Williams, a federal prisoner incarcerated at the Canaan Federal Prison in Waymart, Pennsylvania, filed a habeas petition under 28 U.S.C. § 2241. The petition states that Williams was paroled in April 1997 after serving six years on a state narcotics conviction in New York. Then, in October 1997, he was arrested in Virginia on state narcotics and firearm charges, which were converted to federal charges. Thereafter, he was shuttled between New York and Virginia to deal with parole revocation and sentencing. However, the Bureau of Prisons ("BOP") allegedly did not give him credit for several months of time that he was in custody. Accordingly, Williams' petition states that he "seeks sentence time credit for the time served from October 24, 1997 thru to the present."

The District Court read the petition as challenging the legality of his sentence and dismissed it because such a challenge can only be asserted under 28 U.S.C. § 2255. Williams appealed from the dismissal, arguing that he is challenging the execution—not the legality—of his sentence, and thus that he can proceed under 28 U.S.C. § 2241. See Rios v. Wiley, 201 F.3d 257, 270-72 (3d Cir. 2000) (overruled on other grounds) (finding that a petitioner can challenge the execution of his sentence under § 2241). In particular, Williams asserts that the BOP did not properly calculate his credit to include 18 months

2

of time served.  In response to Williams' appeal, the government filed a document agreeing that the District Court misconstrued the petition,[1] and arguing that case should be remanded to the District Court so that it can issue a show cause order and so that the merits of the claim can be considered under § 2241.

Consistent with the rule that pleadings are to be construed "so as to do substantial justice," Fed. R. Civ. P. 8(a), a "pro se prisoner's pleadings should be . . . construed liberally," Lewis v. Att'y Gen. of the United States, 878 F.2d 714, 722 (3d Cir. 1989).  In light of Williams' contention (which is supported by his petition) that he is actually challenging the execution of his sentence, we will remand for consideration of this claim under § 2241.  Williams correctly asserts that the proper vehicle for challenging the determination of sentence credit is a § 2241 habeas petition filed in the district where he is imprisoned.  Rios, 201 F.3d at 270-71; 28 U.S.C. § 2241.  Accordingly, because Williams' petition states that he "relies upon" Rios, and because his requested relief is "sentence time credit," which he believes was not properly calculated, this claim should be read as challenging the execution of his sentence under § 2241.  Thus, we will vacate the District Court's February 28, 2007 order in part and remand with instructions to consider the claim under 28 U.S.C. § 2241.[2]

---

[1]     The government does not concede that Williams' claim has merit.

[2]     Williams' petition also states that his sentence was "imposed in violation of the sentencing guidelines."  Thus, to the extent that Williams seeks to challenge the legality of his sentence, the District Court correctly determined that he can only proceed under § 2255.  Moreover, Williams may file a § 2255 motion only in the sentencing court.

4